**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
**VIRGIN AUSTRALIA REGIONAL AIRLINES PTY**      :
**LTD,**                                                                          :
                                                                                        :
                                                   **Plaintiff,**           :          1:20-CV-06737 (ALC)
                                                                                        :
                        -against-                                           :          **OPINION AND ORDER**
                                                                                        :          **FOR**
**JETPRO INTERNATIONAL LLC.,**                              :          **DEFAULT JUDGMENT**
                                                                                        :
                                                   **Defendant.**       :
                                                                                        :
                                                                                        :
------------------------------------------------------------------ :
                                                                                        :
                                                                                        x

**ANDREW L. CARTER, JR., District Judge:**

This matter comes before the Court on a motion filed by Plaintiff for the entry of default

judgment against Defendant.  The Court, having considered the Memorandum of Law (ECF No.

21); Declarations of David J. Harrington, Mark Davey, and Thomas A. Ostendorp (ECF Nos. 22,

23, 29, and 30); and all other pleadings and papers on file in this action, hereby **GRANTS**

Plaintiff's Renewed Motion for Default Judgment. ECF No. 20.


## BACKGROUND

The facts are drawn from the copy of the complaint as included with Plaintiff's Renewed

Motion for Default Judgment at ECF No. 20 (hereinafter, "Pl.'s Mot. Default J.") On August 16,

2018, Plaintiff Virgin Australia Regional Airlines Pty Ltd. ("VARA") and Defendant JetPro

International LLC ("JetPro") entered into an Engine Sale and Purchase Agreement, pursuant to

which VARA would make payment to JetPro in exchange for a V2500-A1 Aircraft engine. Pl.'s

Mot. Default J. at 3. The Agreement provided that JetPro would provide the engine to VARA in

Quick Engine Change ("QEC") configuration, a condition in which necessary components and accessories are pre-mounted and installed on the engine to reduce the time needed to replace the engine. Pl.'s Mot. Default J. at 3-4. JetPro gave multiple assurances to VARA that the engine was in QEC configuration before shipping, which VARA relied upon in completing the transaction. Pl.'s Mot. Default J. at 4-7. However, upon inspection at delivery, VARA found that the engine was not in QEC configuration. Pl.'s Mot. Default J. at 7. VARA notified JetPro of the issues, but JetPro did not cure their breach. Pl.'s Mot. Default J. at 8. VARA was ultimately forced to purchase the necessary parts to outfit the engine in QEC configuration at VARA's own expense, totaling $791,054. *Id.* On August 24, 2020, VARA filed a Complaint against JetPro for: (1) breach of contract; (2) breach of warranty; and (3) negligent misrepresentation.

To date, Defendant has failed to answer or otherwise respond to Plaintiff's Complaint. On December 29, 2020, the Clerk of Court entered a Certificate of Default. ECF No. 13. On November 30, 2021, this Court denied Plaintiff's original motion for default judgment, ordering that Plaintiff address the following issues:

1.  Defendant's liability after applying New York's choice-of-law rules to determine which state law applies to each of Plaintiff's claims;

2.  The specific provision(s) under Missouri law—whether pursuant to Mo. Ann. Stat. § 506.150 or some other state statute—that authorizes the Missouri Secretary of State to accept service of process on behalf of Defendant;

3.  The Court's ability to exercise personal jurisdiction over Defendant where Plaintiff does not appear to have attempted service upon the registered agent Kyle Wine at an Arizona address—3 North 47th Ave., Suite 102, Phoenix, AZ 85043—that appears to be Defendant's principal place of business. See Compl. ¶ 9; Compl., Ex. 1 at 3, 23, 24; see

also Compl., Ex. 2 at 10–15 (displaying Kyle Wine's email signature with Arizona address); and

4. Plaintiff's compliance with Local Civil Rule 55.2(c).

ECF No. 17 ("The November 30 Order.")

Plaintiff then filed the instant motion to address these issues on January 13, 2022. ECF No. 20. The Court has considered the well-pleaded factual allegations in the Complaint and Plaintiff's Renewed Motion for Default Judgment and finds that the issues raised at ECF No. 17 have been resolved, as set forth below.

**LEGAL STANDARD FOR DEFAULT JUDGMENT**

Under Fed. R. Civ. P. 55, after the Clerk of Court enters a Certificate of Default, a district court may, on a motion by plaintiff, enter a default judgment where a "party against whom affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon default, the defendant is deemed to have admitted all well-pleaded allegations of liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court, however, must also determine whether the allegations taken as true establish defendant's liability as a matter of law. *Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). The default does not constitute an admission as to damages. *Greyhound Exhibitgroup,* 973 F.2d at 158. Instead, plaintiff bears the burden of establishing its entitlement to the amount requested. *Trs. of the Local 813 Pension Tr. Fund v. Canal Carting, Inc.*, No. 12-CV-0060 (CBA)(RLM), 2014 WL 843244, at *5 (E.D.N.Y. Mar. 4, 2014). Where a defendant has never appeared in an action, a court may base its determination of damages solely on the plaintiff's submissions. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A

3

district court must establish "damages with reasonable certainty," but it is under no obligation to conduct a hearing so long as the court ensures "that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted).

## DISCUSSION

JetPro's repeated failure to participate in or respond to this litigation over nearly two years constitutes a failure to "plead or otherwise defend" their conduct in this action. *See* Fed. R. Civ. P. 55(a). Further, the Court finds that VARA's allegations, when taken as true, are sufficient to establish JetPro's liability as a matter of law.

VARA's Renewed Motion for Default Judgment and supporting Memorandum of Law (ECF Nos. 20 and 21) state colorable claims for breach of contract, breach of warranty, and negligent misrepresentation with sufficient specificity as a matter of law. Thus, the Court will only address the issues raised in its November 30 Order.

**Plaintiff's Response to the Court's November 30 Order**

In the November 30 Order, the Court rejected VARA's original motion for default judgment and asked that Plaintiff file a renewed motion that addressed the following issues. Plaintiff's renewed motion and the accompanying declarations resolve the Court's questions.

*Subject Matter and Personal Jurisdiction*

The Court will briefly address the overarching matter of its jurisdiction to decide this case, which underlies the questions in the November 30 Order. As VARA notes, the Court has subject matter jurisdiction based on complete diversity between the parties and an amount in

controversy over $75,000. "District courts can exercise subject-matter jurisdiction over actions containing only state law claims where the amount in controversy exceeds $75,000 and the opposing parties are 'citizens of a State and citizens or subjects of a foreign state.'" *France v. Thermo Funding Co., LLC*, 989 F. Supp. 2d 287, 293 (S.D.N.Y. 2013) (quoting 28 U.S.C. § 1332(a)(2)). VARA is a foreign company organized under the laws of Australia, with a head office in Welshpool, Australia. ECF No. 21 at 9. JetPro is a limited liability company organized under the laws of Missouri, with a principal office in Phoenix, Arizona. ECF No. 21 at 10. As noted above, VARA claims $791,054 in damages. *Id.* Thus, the two parties are diverse, and the amount in controversy requirement is met. The Court therefore holds subject matter jurisdiction over this case.

Further, the Court finds that there is personal jurisdiction over JetPro due to the choice-of-forum provision in the contract, which states "[e]ach party irrevocably submits to the exclusive jurisdiction of the courts of New York County, New York." ECF No. 20, Ex. 1, §15.1(c). As the Second Circuit has held, "obligatory venue language suffices to give mandatory force to a forum selection clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386-87 (2d Cir. 2007). The phrase "*irrevocably* submits to the *exclusive* jurisdiction" (emphasis added) makes clear that the parties intended that the courts of New York County be the sole forum for any disputes arising out of this contract, and because the claims are the result of JetPro's breach, it follows that this Court properly has jurisdiction to adjudicate the claims.

*Choice of Law Analysis*

The Court's Order directed Plaintiff to demonstrate "Defendant's liability after applying New York's choice-of-law rules to determine which state law applies to each of Plaintiff's claims." ECF No. 17 at 1.

The forum-selection clause from the parties' contract settles this question, as it states, "This agreement shall be governed by, and construed in accordance with the laws of New York excluding any conflict of law provisions which would result in the application of the laws of any other jurisdiction." ECF No. 20, Ex. 1, §15.1(a). As the Supreme Court has held, a forum-selection clause "'represents [the parties'] agreement as to the most proper forum', and should be 'given controlling weight in all but the most exceptional cases[.]'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 51 (2013) (internal citations omitted). The New York Court of Appeals has also held that "a New York choice-of-law clause in a contract … demonstrates the parties' intent that the courts not conduct a conflict of laws analysis," and "obviates the application of both common-law conflict-of-law principles and statutory choice-of-law directives…" *Ministers & Missionaries Benefit Bd. V. Snow*, 26 N.Y.3d 466, 468 (2015).

Here, the Court finds no reason to upset the agreement between the parties, nor the framework put forth by the United States Supreme Court and the New York Court of Appeals. Thus, the Court finds Plaintiff's allegations are sufficient to hold Defendant liable under New York law. *See generally* ECF No. 21, pp. 10-12, 17-18 (choice of law analysis); ECF No. 21, Section III (analysis of legal claims under New York law or Missouri law, finding that the standards for both states are substantially similar).

*Service of Process to the Missouri Secretary of State*

Question 2 of the November 30 Order requests that Plaintiff point to "[t]he specific provision(s) under Missouri law—whether pursuant to Mo. Ann. Stat. § 506.150 or some other state statute—that authorizes the Missouri Secretary of State to accept service of process on behalf of Defendant[.]" ECF No. 17 at 1. VARA identified Missouri Statutes §§ 347.030, 347.033 as the source of this authorization. The Court finds that VARA's service of process was proper under the statutes.

Missouri Statute Section 347.030 requires that every limited liability company incorporated in Missouri "have and continuously maintain" a registered agent within the state of Missouri that can accept service of process on behalf of the limited liability company. Mo. Ann. Stat. § 347.030 (West 2022). If the limited liability company fails to maintain a registered agent for service of process in Missouri, or if an authorized person cannot be found after the exercise of due diligence, "then the secretary, as long as such default exists, shall be automatically appointed as an agent of such limited liability company upon whom any process, notice, or demand required or permitted by law to be served upon the limited liability company may be served." Mo. Ann. Stat §347.033 (West 2022).

Here, VARA exercised due diligence in attempting to serve JetPro multiple times between September 1, 2020 and November 18, 2020, including at JetPro's last registered business address, via email to their CEO and registered agent Kyle Wine, via certified mail to Kyle Wine's home address, and via other addresses affiliated with JetPro and Kyle Wine. *See* Harrington Decl., ECF No. 22, at 1-3.  When these attempts failed, VARA ultimately served JetPro pursuant to Missouri law by personally serving a copy of the summons and Complaint on the Missouri Secretary of State. *Id.* at 3. VARA was forced to serve JetPro through the Missouri

Secretary of State because JetPro's registration as a limited liability company had been cancelled for failure to maintain a registered agent as of May 21, 2020. Harrington Decl., ECF No. 22, Ex. H. Thus, at the time of service, the fallback provision of Missouri Statute Section 347.033 was operative, and service on the Missouri Secretary of State was proper. *See Benchmark Healthcare of Wildwood, LLC v. Whispering Oaks Residential Care Facility, LLC*, 417 S.W.3d 767, 771 (Mo. Ct. App. 2013) (holding Plaintiff properly served defendant through Secretary of State, which was automatically appointed as Plaintiff's agent for service because Defendant failed to properly maintain registered agent).

*Attempted Service on Kyle Wine at JetPro's Principal Place of Business*

The Court then asked that Plaintiff show "The Court's ability to exercise personal jurisdiction over Defendant where Plaintiff does not appear to have attempted service upon the registered agent Kyle Wine at an Arizona address—3 North 47th Ave., Suite 102, Phoenix, AZ 85043—that appears to be Defendant's principal place of business." ECF No. 17 at 1. The Court has gone into depth on the question of personal jurisdiction over JetPro above, and notes Plaintiff's continued efforts to attempt service on Kyle Wine below.

On January 21, 2021, Kyle Wine filed for reinstatement of JetPro's limited liability company registration, listing what appeared to be a Missouri residential address as the registered office for JetPro. Harrington Decl., ECF No. 22, Ex. I. This is still the current registered office for JetPro. Harrington Decl., ECF No. 29 at 2. In addition, on January 14, 2022, VARA served copies of the Renewed Motion for Default Judgment and supporting papers on multiple addresses affiliated with JetPro and Kyle Wine via certified mail, including the 3 North 47th Avenue, Suite 102 address. *See* Harrington Decl., ECF No. 29. The envelope was returned to

8

sender marked "ANK," which Plaintiff interprets to mean "Attempted, Not Known," and the USPS tracking information states "addressee unknown." ECF No. 29 at 4, 33. None of the other mailings were successfully delivered, though the Missouri Secretary of State returned the mailing with a letter stating that JetPro was "still an active business in the State of Missouri." Harrington Decl., ECF No. 29 at 3-6.

Under Fed. R. Civ. P. 4(e)(1), service can be made by following state law for serving a summons "in the state…where service is made." Fed. R. Civ. P. 4(e). By serving the Missouri Secretary of State, VARA has complied with Missouri's laws for service of process, and through multiple attempts to serve Kyle Wine and JetPro, both in Arizona and Missouri, they have satisfied the requirement to attempt service on defendant.


*Compliance with Local Civil Rule 55.2(c)*

The Court's final directive to Plaintiff was to demonstrate compliance with Local Civil Rule 55.2(c). ECF No. 17 at 1. Local Civil Rule 55.2(c) requires that all papers submitted to the Court pursuant to a default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any. The Court holds that VARA has complied with this requirement. ECF No. 21 at 23. As noted in the Harrington Decl. at ECF No. 29 and the Ostendorp Decl. at ECF No. 30, it appears that none of the mailings were successfully delivered to defendant, but VARA has provided reasons for the return, which appear to demonstrate that JetPro has not maintained a valid address.

**Damages Analysis**

For the reasons given above, the Court finds Defendant JetPro in default, and finds that VARA has stated colorable legal claims for recovery. Therefore, the Court moves on to a damages analysis.

The Court reiterates that a default does not constitute an admission as to damages. *Greyhound Exhibitgroup,* 973 F.2d at 158. Instead, plaintiff bears the burden of establishing its entitlement to the amount requested. *Trs. of the Local 813 Pension Tr. Fund v. Canal Carting, Inc.*, No. 12-CV-0060 (CBA)(RLM), 2014 WL 843244, at *5 (E.D.N.Y. Mar. 4, 2014). Where a defendant has never appeared in an action, a court may base its determination of damages solely on the plaintiff's submissions. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A district court must establish "damages with reasonable certainty," but it is under no obligation to conduct a hearing so long as the court ensures "that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted). Damages for breach of contract are determined by calculating the "amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (citing *Adams v. Lindblad Travel, Inc.,* 730 F.2d 89, 92 (2d Cir, 1984)).

Due to JetPro's breach and refusal to pay for the cost of properly configuring the engine, VARA was forced to incur costs in the amount of $791,054. Davey Decl., ECF No. 23 at 3. Plaintiff seeks to recover exactly this amount, a figure that is a "reasonable estimation of Plaintiff VARA's losses caused by JetPro's breach." Pl.'s Mot. Default J. at 9; Harrington Decl., ECF No.

22 at 4.  VARA provides extensive support for this cost estimate in the Davey Decl., including invoices and spreadsheet documentation showing the damages and costs incurred by VARA. *See* ECF No. 23. Courts in this district have found that detailed documentation of alleged damages, accompanied by sworn testimony, is sufficient to establish damages for purposes of a default judgment. See *Sung Taek Kwon v. Leg Res., Inc.,* 2018 WL 2316630, at *4 (S.D.N.Y. May 7, 2018).

As JetPro has never appeared in this action, the Court holds that VARA's submissions allow for the ascertainment of damages with reasonable certainty, and that the damages pled would put plaintiff in the same economic position it would have been if JetPro had not breached.

Finally, Under New York law, an award of pre-judgment interest is allowed at a rate of nine percent per annum, calculated from the earliest ascertainable date on which the cause of action existed. N.Y.C.P.L.R. §§ 5001, 5002, 5004. On September 1, 2018, the engine arrived in Melbourne, Australia, and was confirmed to be in non-QEC configuration after VARA's physical inspection. Pl.'s Mot. Default J. at 7. This is the earliest ascertainable date for the breach, and thus should be used as the beginning of the interest calculation.

In summary, the Court finds JetPro liable for damages in the amount of $791,054, plus the New York rate of statutory interest of nine percent per annum from September 1, 2018.

*Attorneys' Fees and Legal Costs*

VARA also requests legal fees in their motion. ECF No. 21 at 25. The Court may grant reasonable attorneys' fees in a default judgment, but Plaintiff must provide a more detailed accounting of their request for the Court to properly calibrate legal fees. If Plaintiff wishes to

make a demand for legal fees and costs, they must submit an accounting of the hours worked and costs incurred in this litigation.

**CONCLUSION**

JetPro's repeated failure to participate in or respond to this litigation over nearly two years constitutes a failure to "plead or otherwise defend" their conduct in this action. *See* Fed. R. Civ. P. 55(a). Further, the Court finds that VARA's allegations, when taken as true, are sufficient to establish JetPro's liability as a matter of law.

Therefore, the Court hereby enters a default judgment against Defendant JETPRO INTERNATIONAL LLC, pursuant to Fed. R. Civ. P 55(b)(2), in the amount of $791,054, plus accrued statutory interest of nine percent per annum from September 1, 2018, the date the contract was breached.

The Clerk of Court is directed to (i) award judgment in favor of Plaintiff and against Defendant in the amount of $791,054, (ii) with interest to accrue at the statutory rate of 9 percent per annum from September 1, 2018, until the date judgment is entered and (iii) post-judgment interest at the statutory rate of 9 percent per annum. The Clerk of Court is respectfully directed to terminate the docket entry at ECF No. 20.

**SO ORDERED.**

**Dated:**      **New York, New York**
          **September 14, 2022**

_____
     **ANDREW L. CARTER, JR.**
     **United States District Judge**